[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The three defendants, Rick Garcia, Wendy C. Garcia, and R R Home Improvement, Inc., move to strike the first, third, and fourth counts of plaintiff Rinaldo DiGiorgio's revised complaint. For the reasons stated below, the motion is denied as to the first and third counts and granted as to the fourth count.
The plaintiff seeks damages from the defendants for their having made incomplete and unworkmanlike improvements to the plaintiff's residence. In the first count of his complaint, the plaintiff alleges a claim against Rick Garcia for breach of contract and, in addition, alleges that Rick Garcia damaged the buildings, landscaping, and grounds. The defendants move to strike this count on the ground Rick Garcia was not a party to the home improvement contract.
The parties dispute whether Rick Garcia signed a contract in his individual or corporate capacity. The defendants assert that a document allegedly signed by Rick Garcia shows that the contract was between the plaintiff and R R Home Improvement, Inc. The plaintiff, on the other hand, argues that the document shows that Rick Garcia signed in his individual capacity. Although the plaintiff in his complaint refers to an Exhibit A, the document is not attached to the complaint that is in the court file. The plaintiff has, however, plead a cause of action against Rick Garcia for breach of contract. Whether the evidence will support this claim is another issue.
In the third count, the plaintiff alleges a claim against Wendy C. Garcia based on the theory that she is the alter ego of R R Home CT Page 7642 Improvement, Inc. The parties dispute the sufficiency of these allegations. The corporate shield may be disregarded under either the "instrumentality" or "identity" rules. The identity rule may be employed in an appropriate case to hold an individual liable. See Falcone v. NightWatchman, Inc., 11 Conn. App. 218, 221-22, 526 A.2d 550 (1987). The plaintiff alleges that Wendy C. Garcia was listed on a home improvement contractor's license as the contractor of record. He further alleges that the company was "owned, maintained and operated by the defendants Rick Garcia and Wendy C. Garcia as a sham and as an instrumentality employed for the purpose of defeating and defrauding creditors of the individual defendants. . . ." These allegations are sufficient.
In the fourth count, the plaintiff asserts that the defendants engaged in unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, Gen. Stat. §§ 42-110a et seq. The defendants move to strike this count on the ground that the plaintiff has alleged nothing more than a breach of contract. In this count, the plaintiff incorporates the allegations of the other counts and further alleges that the defendants "represented themselves to the plaintiff to be experienced, qualified, and capable of providing the services required for performance of the contract." The plaintiff also alleges that the defendants' actions "were immoral, oppressive and unscrupulous and caused substantial injury to the plaintiff." While the plaintiff asserts that the defendants' conduct was immoral, oppressive and unscrupulous, he has not sufficiently alleged aggravating circumstances to present a CUTPA claim. This count is stricken.
The motion to strike is denied with respect to the first and third counts and granted as to the fourth count.
THIM, J.